# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JARRETT LOGISTICS SYSTEMS, INC. ) | CASE NO.: _____ |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| DANIEL DEFENSE, INC. ) | |
| ) | **JURY DEMAND ENDORSED** |
| Defendant. ) | **HEREON** |

Plaintiff Jarret Logistics Systems, Inc., by and through counsel, hereby submits its Complaint against Defendants Daniel Defense, Inc. and in support thereof, states as follows:

## PARTIES

1. Plaintiff is a transportation broker licensed by the Federal Motor Carrier Safety Administration to arrange for the transportation of certain general commodities by motor carriers.

2. Plaintiff is an Ohio corporation with its principal place of business currently located at 1347 North Main Street, Orrville, Ohio 44667.

3. Defendant is a manufacturer and seller of firearms.

4. Defendant is a Georgia corporation with its principal place of business located at 101 Warfighter Way, Black Creek, GA 31308.

## JURISDICTION, VENUE AND APPLICABLE LAW

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because the parties are citizens of two different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

6.	This Court is the proper venue pursuant to 28 U.S.C. § 1391 because this cause of action arises out of events occurring in the Northern District of Ohio, and pursuant to a forum selection clause in the contract at issue in this litigation, which states that the parties agree to jurisdiction and venue in a United States District Court located in Ohio.

7.	This Court has personal jurisdiction over Defendant pursuant to a forum selection clause in the contract at issue in this litigation, which states that the parties agree to jurisdiction and venue in a United States District Court located in Ohio.

8.	This forum selection clause also states that the parties agree that the laws of the State of Ohio, as well as federal laws, govern the contract.

## FACTS

9.	Plaintiff and Defendant entered into a logistics services agreement, effective October 22, 2018 (the "Agreement").  A true and correct copy of the Agreement is attached as **EXHIBIT A.**

10.	Under the Agreement, Plaintiff was to arrange for the transportation of Defendant's general commodities ("Goods") by motor carriers ("Carriers") in connection with Defendant's freight and logistics needs.

11.	In other words, Defendant is the shipper and Plaintiff is a transportation broker that retains Carriers to transport Defendant's Goods.

12.	The initial term of the Agreement was for a two-year period.

13.	At the end of the initial term, the Agreement would automatically renew for another two years, unless cancelled by either party by providing written notice of termination at least 90 days prior to the conclusion of the initial term.

14.	Since the Agreement was effective October 22, 2018, the initial term was set to expire on October 22, 2020, subject to automatic renewal.

15. The deadline by which either party could terminate the Agreement, prior to automatic renewal for another two-year term, was July 24, 2020—90 days prior to the expiration of the initial term.

16. Neither Plaintiff nor Defendant provided written notice of termination of the Agreement on or by July 24, 2020.

17. The Agreement consequently is now set to expire on October 22, 2022.

18. The Agreement also contains an exclusivity provision which provides that "***Exclusivity.*** Unless mutually agreed upon in writing by both Shipper and JLS, Shipper acknowledges that the terms and conditions of this Agreement are based on the expectation that JLS will be offered the opportunity to arrange for all transportation services required by Shipper at Shipper facilities…. Shipper therefore agrees that Shipper will afford JLS the first right of refusal to manage all modes of transportation" (hereinafter, the "Exclusivity Clause"). *Id.* at § 15.

19. In or around August 2020, Plaintiff became aware that Defendant was not adhering to the Exclusivity Clause.

20. Upon information and belief, beginning in or around July 27, 2020, Defendant failed to provide Plaintiff with the opportunity to route a single outbound shipment, while consistently making outbound shipments via other Carriers.

21. Before July 27, 2020, Defendant typically routed between one and fifteen outbound shipments each business day with Plaintiff.

22. Upon information and belief, Plaintiff's Carrier partners, and other Carriers, are continuing to make pick-ups daily at Defendant's location since July 27, 2020, but none of those shipments are arranged through Plaintiff.

23. This means that Defendant is routing shipments directly to Carriers, to the exclusion of Plaintiff, which is an express violation of the Agreement, and specifically, its Exclusivity Clause.

24. Upon information and belief, Defendant has continued to breach the Agreement, on a daily basis.

## COUNT I - BREACH OF CONTRACT

25. Plaintiff incorporates by reference each and every allegation set forth above.

26. Plaintiff and Defendant are parties to the Agreement, which is a valid and enforceable contract.

27. The Agreement contains an Exclusivity Clause that requires Defendant to provide Plaintiff the opportunity to arrange for all transportation services required by Shipper at Shipper facilities.

28. Beginning in or around July 27, 2020, Defendant failed to provide Plaintiff with the opportunity to route a single outbound shipment, instead providing shipments directly to Plaintiff's Carrier partners, and other Carriers, in material breach of the Agreement.

29. Plaintiff has fully performed on all of its obligations under the Agreement.

30. Plaintiff has made repeated demands that Defendant provide Plaintiff with the opportunity to exclusively route its outbound shipments, as provided for, and supported by the Agreement.

31. To date, Defendant has failed to cure this material breach.

32. As a result, Plaintiff is entitled to recover from Defendant in an amount to be determined precisely at Trial, but in any event not less than $149,634.00, plus pre- and post-judgment interest.

## COUNT II - UNJUST ENRICHMENT
### (STATED IN THE ALTERNATIVE TO COUNT I)

33. Plaintiff incorporates by reference each and every allegation set forth above.

34. From October 2018 through July 2020, Plaintiff provided transportation logistics and brokerage services to Defendant whereby Plaintiff hired various Carriers to transport Defendant's Goods in exchange for a fee from Defendant.

35. Plaintiff provided services to Defendant with the expectation and full understanding that Defendant would not back-solicit its Carriers, and contract directly with the Carriers, to the exclusion of Plaintiff.

36. As a result of Plaintiff's services, Defendant was introduced to various Carriers capable of transport in Defendant's Goods.

37. Defendant is aware that Plaintiff introduced its Carriers to Defendant and that Plaintiff expected that Defendant would not contract directly with Carriers to the exclusion of Plaintiff.

38. By contracting directly with the Carriers, Defendant is depriving Plaintiff of its rightfully earned brokerage commissions.

39. By contracting directly with the Carriers, Defendant has been unjustly enriched by retaining the benefit of Plaintiff's brokerage services without having to pay Plaintiff its rightfully earned commission or fee

40. Defendant is unjustly enriched to the detriment of Plaintiff.

41. As a result, Plaintiff is entitled to recover from Defendant the sum in an amount to be precisely determined at Trial, but in any event not less than $149,634.00, plus pre- and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment in favor of Plaintiff and against Defendant as to Plaintiff's Count I claim for breach of the Agreement in an amount to be precisely determined at trial, but in any event not less than $149,634.00, plus pre- and post-judgment interest, at the maximum rate permitted by law; or

b. Enter judgment in favor of Plaintiff and against Defendant as to Plaintiff's Count II claim for unjust enrichment in the amount of $149,634.00, plus pre- and post-judgment interest, at the maximum rate permitted by law; and

c. Award Plaintiff its attorney's fees and costs, as to Count I against Defendant; and

d. Award Plaintiff any and all other relief the Court deems just, reasonable, and proper.

Respectfully Submitted,

*/s/ Eric L. Zalud*

Eric Larson Zalud (0038959)
Deana S. Stein (0098586)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, OH 44114
T: (216) 363-4500
F: (216) 363-4588
E: ezalud@beneschlaw.com
   dstein@beneschlaw.com

## JURY DEMAND

Plaintiff hereby demands trial by jury, by the maximum number of jurors permitted by law, on all issues so triable.

Dated: September 25, 2020	Respectfully Submitted,

*/s/ Eric L. Zalud*

Eric Larson Zalud (0038959)
Deana S. Stein (0098586)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, OH 44114
T: (216) 363-4500
F: (216) 363-4588
E: ezalud@beneschlaw.com
 dstein@beneschlaw.com
